# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION SCOTT BUCKELEW,<br><br>             Petitioner,<br><br>v.<br><br>SHERIFF WILLIAM D. GORE, et al.,<br><br>             Respondents. | Case No.: 20cv0835 BAS (AGS)<br><br>**ORDER DISMISSNG CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner Dion Scott Buckelew, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

### FAILURE TO SATISFY FILING FEE REQUIREMENT

Petitioner has not paid the $5.00 filing fee and has not moved to proceed in forma pauperis. A Petition for Writ of Habeas Corpus must either be accompanied by a $5.00 filing fee or an application to proceed in forma pauperis. *See* Local Rule 3(a), 28 U.S.C. foll. § 2254.

### FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS

Upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Petitioner lists various problems he claims he is facing in prison. Specifically, Petitioner claims he is being denied access to the courts and the law library and is being

retaliated against for filing grievances. ("Pet.," ECF No. 1 at 3–4.) Petitioner's claims are not cognizable on habeas because they do not challenge the constitutional validity or duration of confinement. *See* 28 U.S.C. § 2254(a); *Heck v. Humphrey*, 512 U.S. 477, 480–85 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973);

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 488–500. When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id*. at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Id*. at 499; *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997). It appears that Petitioner challenges the conditions of his prison life, but not the fact or length of his custody. Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. Here, it is plain from the petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights.

## **CONCLUSION**

For the foregoing reasons, the Court **DISMISSES** this case without prejudice and with leave to amend. If Petitioner wishes to proceed with this action he must, **no later than July 24, 2020**: (1) pay the $5.00 fee or submit adequate proof he cannot pay the fee; and (2) file a First Amended Petition that cures the pleading deficiencies outlined in this Order. *For Petitioner's convenience, the Clerk of Court shall attach to this Order a blank*

*application to proceed in forma pauperis and a blank First Amended Petition pursuant to 28 U.S.C. § 2254 form.*

     **IT IS SO ORDERED.**

**DATED: May 19, 2020**

Hon. Cynthia Bashant
United States District Judge