UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION SCOTT BUCKELEW,<br><br>                               Petitioner,<br><br>   v.<br><br>SHERIFF WILLIAMS D. GORE, *et al.*,<br><br>                             Respondents. | Case No. 20-cv-0835-BAS-AGS<br><br>**ORDER DENYING AND DISMISSING WITH PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

      On May 1, 2020, Petitioner Dion Scott Buckelew, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Pet., ECF No. 1.) On May 19, 2020, the Court dismissed the Petition without prejudice and with leave to amend, finding that Petitioner had not paid the $5.00 filing fee nor moved to proceed *in forma pauperis* (IFP) and that the Petition did not state a cognizable claim for relief. (Order, ECF No. 2.)

      More than a month later, on June 24, 2020, Petitioner moved for leave to proceed IFP. (IFP Mot., ECF No. 3.) On July 8, 2020, the Court denied Petitioner's request to proceed IFP, finding that Petitioner's trust account statement showed he could afford the $5.00 filing fee. (Order, ECF No. 4.) In the same Order, the Court ordered Petitioner to (1) pay the filing fee and (2) amend his petition by August 28, 2020. (*Id.*) Petitioner did neither.

On September 30, 2020, United States Magistrate Judge Andrew G. Schopler ordered Petitioner to show cause, by October 30, 2020, why this case should not be dismissed as a sanction for his failure to follow the Court's Order. The date came and passed without Petitioner's response.

A district court may dismiss a petitioner's action for his failure to prosecute or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court). "Dismissals under Rule 41(b) . . . operate as adjudications on the merits unless the court specifies otherwise." *Costello v. United States*, 365 U.S. 265, 285 (1961).

Before dismissing the action under Rule 41(b), the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan*, 291 F.3d at 642. Here, the first and second factors favor dismissal because more than four months have passed from the time the Court first notified Petitioner of the procedural and substantive defects in his action, yet he has not filed a filing fee nor amended his petition. The fourth factor also favors dismissal. The Court has attempted a less drastic sanction by ordering Petitioner to pay the filing fee and amend his defective petition. When he did not do so, the Court again sought a less drastic sanction by ordering him to show cause why his action should avoid dismissal. *See Ferdik*, 963 F.2d at 1262 (holding that "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement"). Because Petitioner has neither complied with this Court's Order to file an amended petition nor responded to Magistrate Judge Scholpler's Order to Show Cause, the Court finds that more attempts of less drastic alternatives would be futile. The third factor is neutral, at this early stage of the litigation. *Cf. Ferdik*, 963 F.2d at 1262 ("Without knowing who the defendants are . . . [the court is] hard pressed to determine how [the petitioner's] failure to

amend put them at a disadvantage.")  The fifth factor weighs against dismissal, but that factor is outweighed by the first, second, and fourth factors, which all weigh heavily in favor of dismissal.

Dismissal of Mr. Buckelew's Petition is warranted for his repeated failures to comply with court orders. Therefore, the Court **DENIES** and **DISMISSES** his Petition with prejudice.

**IT IS SO ORDERED.**

**DATED: November 12, 2020**

Hon. Cynthia Bashant
United States District Judge